IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RAYTHEON COMPANY,<br>   *Plaintiff,*<br><br>  vs.<br><br>CRAY, INC.,<br><br>   *Defendant* | Civil Action No.: 2:16-cv-423<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Raytheon Company ("Raytheon"), makes this Complaint for Patent Infringement ("Complaint") against Cray, Inc. ("Cray"), wherein, pursuant to 35 U.S.C. §§ 271 and 281, Raytheon seeks a judgment of infringement by Cray of U.S. Patent Nos. 8,336,040 ("the '040 patent"), 9,189,275 ("the '275 patent"), 8,910,175 ("the '175 patent"), 9,189,278 ("the '278 patent") and 8,984,525 ("the '525 patent") (collectively, "the Raytheon Patents") and damages pursuant to 35 U.S.C. § 284, as well as any other relief that the Court deems just and proper.  Raytheon alleges the following in support of its Complaint.

**THE PARTIES**

1. Plaintiff, Raytheon Company is a Delaware corporation and is headquartered at 870 Winter Street, Waltham, Massachusetts 02451.  Raytheon Company has multiple locations within the State of Texas, including its Plano, Richardson, and McKinney facilities within the Eastern District of Texas.  Raytheon, along with its Richardson-located Intelligence, Information and Services ("IIS") business unit responsible for the Raytheon Patents, is a *bona fide* resident of

this Judicial District and State, employing almost 8,000 Texans and contributing almost $ 1 billion to the Texas economy.

2. On information and belief, Cray is a Washington corporation with a headquarters office located at 901 Fifth Avenue, Suite 1000, Seattle, Washington 98164.  On information and belief, Cray has facilities and employees within the State of Texas and within the Eastern District of Texas.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq.  This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

5. This Court has jurisdiction over Cray because Cray at least has purposefully directed its sales and marketing activities – of products that infringe the Raytheon Patents – from within the State of Texas and the Eastern District of Texas, towards residents of the State of Texas and the Eastern District of Texas, or induced these residents to use the infringing products. For the following reasons, this litigation results from those targeted acts of patent infringement.

6. On information and belief, Cray registered as a corporation doing business in Texas in 2000 and has kept its filing with the Texas Secretary of State current since that date. On information and belief, Cray has one or more sales and marketing employees throughout the State of Texas and within the Eastern District of Texas.  On information and belief, these employees include Mr. Douglas D. Harless, a Cray Sales Executive who lives in Athens, Texas, which is within the Eastern District of Texas.  *See Raytheon Company v. Cray, Inc.*, Case No. 2:15-cv-1554, Dkt. 22-36 (online resume for Douglas D. Harless, Sales Executive, Cray, Inc.), at

2 (E.D. Tex. Dec. 11, 2015).  On information and belief, Mr. Harless is a home-based sales employee who sells or offers to sell infringing Cray systems from within this District. *See id.* (listing position as "Sales Executive, Central US," located in Athens, Texas).  Mr. Harless has "national account responsibility for 6 major accounts within USA" and is "responsible for new sales and new account development in the Central U.S. and has additional responsibilities of management of key accounts within the Financial, BioMedical and Petroleum Industries." *Id.* Mr. Harless is also "responsible within Cray for most new petroleum industry development within the USA**.**" *Id.*  One system that Cray markets to the petroleum industry, including on information and belief through Mr. Harless within this District, is the Cray "CS" series of cluster supercomputers, which includes the CS-400-AC.  *See* http://www.cray.com/solutions/energy (last visited, April 20, 2016).  Accordingly, and on information and belief, Cray's employees offer to sell and sell supercomputer systems to customers, including but not limited to the infringing CS-400-AC cluster supercomputers, from within the State of Texas and the Eastern District of Texas.  On information and belief, these customers include, but are not limited to, the University of Texas system and ExxonMobil.

7.  On information and belief, Cray sold an infringing XC40 supercomputer to the University of Texas for use in its Texas Advanced Computing Center (TACC).  On information and belief, Cray has previously sold other supercomputer systems to the University of Texas for use at the TACC.  On information and belief, users may access these supercomputers via remote terminals throughout the University of Texas system.  On information and belief, these terminals are at facilities within the Eastern District of Texas, including both the University of Texas-

3

Dallas and the University of Texas-Tyler.[1] On information and belief, these terminals have had access to Cray supercomputers at the TACC since before Cray's sale of the XC40 supercomputer to the University of Texas. Accordingly, and on information and belief, the Cray supercomputers at the TACC are used at University of Texas facilities within the State of Texas and within the Eastern District of Texas.

8. On information and belief, Cray also has in the past, and continues to, either directly or through its intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, and/or sell or induce others to use infringing systems in the United States, the State of Texas, and the Eastern District of Texas. Accordingly, and on information and belief, Cray has committed, and continues to commit, acts of patent infringement within the State of Texas and within the Eastern District of Texas. For these reasons, this Court may also exercise jurisdiction over Cray pursuant to the Texas Long Arm Statute and the Due Process clause.

9. Accordingly, and on information and belief, this Court has specific and/or general personal jurisdiction over Cray for its acts of patent infringement within the State of Texas and within the Eastern District of Texas.

**COUNT I**
**(INFRINGEMENT OF THE '040 PATENT)**

10. Raytheon refers to and incorporates herein the allegations of paragraphs 1-9.

11. On December 18, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,336,040 entitled "System and method for

---

[1] On information and belief, the county line between Dallas County and Collins County bisects the University of Texas-Dallas. Collins County is within the Eastern District of Texas. On information and belief, this county line also bisects both the Engineering and Computer Science building at the University of Texas-Dallas and a substantial portion of the University of Texas-Dallas' research facilities.

topology-aware job scheduling and backfilling in an HPC environment." Plaintiff attaches a true and correct copy of the '040 Patent as Exhibit A.

12. Presently, and during all relevant times, Raytheon has been and is the sole owner of all right, title, and interest in the '040 Patent, including the right to recover for patent infringement.

13. On information and belief, Cray has been on actual notice of the '040 Patent since at least about June 30, 2015, when Raytheon provided Cray with information concerning its patent portfolio related to high performance computers. Certain Cray high performance computers are the subject of co-pending litigation in this District (*Raytheon Company v. Cray, Inc.*, Civil Action No. 2:15-CV-1554-JRG-RSP, filed September 25, 2015).

14. On information and belief, Cray, through itself and/or one or more of its entities, subsidiaries, affiliates, business divisions, or business units, directly infringed the '040 Patent pursuant to 25 U.S.C. § 271, including at least 35 U.S.C. § 271(a), by importing into the United States or offering to sell, selling, or using within the United States systems that fall within the scope of one or more claims of the '040 Patent, including but not limited to Claim 1, without authority from Raytheon, including but not limited to the XC40 supercomputer, as well as other systems developed by Cray.

15. On information and belief, Cray induced infringement of the '040 Patent in violation of at least 35 U.S.C. § 271(b) by, among other things, knowingly and with intent, actively encouraging others to use, sell, offer for sale, and/or import certain Cray systems, including but not limited to the XC40 supercomputer, in a manner that constitutes infringement of one or more claims of the '040 Patent, including but not limited to Claim 1. On information

and belief, this inducing activity occurred at least since the time that Cray received notice of the '040 Patent, and did not stop after Cray received notice of said patent, as described above.

16. As a result of Cray's infringement of the '040 Patent, Raytheon has suffered damage. Raytheon is entitled to recover from Cray damages to compensate for such infringement, which have yet to be determined.

17. On information and belief, despite its knowledge of the '040 Patent, Cray made the decision to continue to infringe the '040 Patent. As a result, Cray's infringement of the '040 Patent may be willful, and if so, Raytheon is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## COUNT II
### (INFRINGEMENT OF THE '275 PATENT)

18. Raytheon refers to and incorporates herein the allegations of paragraphs 1-9.

19. On November 17, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 9,189,275 entitled "System and method for topology-aware job scheduling and backfilling in an HPC environment." Plaintiff attaches a true and correct copy of the '275 Patent as Exhibit B.

20. Presently, and during all relevant times, Raytheon has been and is the sole owner of all right, title, and interest in the '275 Patent, including the right to recover for patent infringement.

21. On information and belief, Cray has been on actual notice of the '275 Patent since at least its date of issue, and was aware of the application that led to the '275 Patent on about June 30, 2015, when Raytheon provided Cray with information concerning its patent portfolio related to high performance computers. Certain Cray high performance computers are

the subject of co-pending litigation in this District (*Raytheon Company v. Cray, Inc.*, Civil Action No. 2:15-CV-1554-JRG-RSP, filed September 25, 2015).

22. On information and belief, Cray, through itself and/or one or more of its entities, subsidiaries, affiliates, business divisions, or business units, directly infringed the '275 Patent pursuant to 25 U.S.C. § 271, including at least 35 U.S.C. § 271(a), by importing into the United States or offering to sell, selling, or using within the United States systems that fall within the scope of one or more claims of the '275 Patent, including but not limited to Claim 1, without authority from Raytheon, including but not limited to the XC40 supercomputer, as well as other systems developed by Cray.

23. On information and belief, Cray induced infringement of the '275 Patent in violation of at least 35 U.S.C. § 271(b) by, among other things, knowingly and with intent, actively encouraging others to use, sell, offer for sale, and/or import certain Cray systems, including but not limited to the XC40 supercomputer, in a manner that constitutes infringement of one or more claims of the '275 Patent, including but not limited to Claim 1. On information and belief, this inducing activity occurred at least since the time that Cray received notice of the '275 Patent, and did not stop after Cray received notice of said patent, as described above.

24. As a result of Cray's infringement of the '275 Patent, Raytheon has suffered damage. Raytheon is entitled to recover from Cray damages to compensate for such infringement, which have yet to be determined.

25. On information and belief, despite its knowledge of the '275 Patent, Cray made the decision to continue to infringe the '275 Patent. As a result, Cray's infringement of the '275 Patent may be willful, and if so, Raytheon is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## COUNT III
### (INFRINGEMENT OF THE '175 PATENT)

26.     Raytheon refers to and incorporates herein the allegations of paragraphs 1-9.

27.     On December 9, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,910,175 entitled "System and method for topology-aware job scheduling and backfilling in an HPC environment." Plaintiff attaches a true and correct copy of the '175 Patent as Exhibit C.

28.     Presently, and during all relevant times, Raytheon has been and is the sole owner of all right, title, and interest in the '175 Patent, including the right to recover for patent infringement.

29.     On information and belief, Cray has been on actual notice of the '175 Patent since at least about June 30, 2015, when Raytheon provided Cray with information concerning its patent portfolio related to high performance computers. Certain Cray high performance computers are the subject of co-pending litigation in this District (*Raytheon Company v. Cray, Inc.*, Civil Action No. 2:15-CV-1554-JRG-RSP, filed September 25, 2015).

30.     On information and belief, Cray, through itself and/or one or more of its entities, subsidiaries, affiliates, business divisions, or business units, directly and/or indirectly infringed the '175 Patent pursuant to 25 U.S.C. § 271, including at least 35 U.S.C. § 271(a). On information and belief, Cray infringed the '175 patent by importing into the United States or offering to sell, selling, or using within the United States systems that fall within the scope of one or more claims of the '175 Patent, including but not limited to Claim 1, without authority from Raytheon, including but not limited to the CS400-AC supercomputer, as well as other systems developed by Cray.

31.     On information and belief, Cray induced infringement of the '175 Patent in violation of at least 35 U.S.C. § 271(b) by, among other things, knowingly and with intent, actively encouraging others to use, sell, offer for sale, and/or import certain Cray systems, including but not limited to the CS400-AC supercomputer, in a manner that constitutes infringement of one or more claims of the '175 Patent, including but not limited to Claim 1.  On information and belief, this inducing activity occurred at least since the time that Cray received notice of the '175 Patent, and did not stop after Cray received notice of said patent, as described above.

32.     As a result of Cray's infringement of the '175 Patent, Raytheon has suffered damage.  Raytheon is entitled to recover from Cray damages to compensate for such infringement, which have yet to be determined.

33.     On information and belief, despite its knowledge of the '175 Patent, Cray made the decision to continue to infringe the '175 Patent.  As a result, Cray's infringement of the '175 Patent may be willful, and if so, Raytheon is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

**COUNT IV**
**(INFRINGEMENT OF THE '278 PATENT)**

34.     Raytheon refers to and incorporates herein the allegations of paragraphs 1-9.

35.     On November 17, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 9,189,278 entitled "System and method for topology-aware job scheduling and backfilling in an HPC environment."  Plaintiff attaches a true and correct copy of the '278 Patent as Exhibit D.

36. Presently, and during all relevant times, Raytheon has been and is the sole owner of all right, title, and interest in the '278 Patent, including the right to recover for patent infringement.

37. On information and belief, Cray has been on actual notice of the '278 Patent since at least its date of issue, and was aware of the application that led to the '278 Patent on about June 30, 2015, when Raytheon provided Cray with information concerning its patent portfolio related to high performance computers. Certain Cray high performance computers are the subject of co-pending litigation in this District (*Raytheon Company v. Cray, Inc.*, Civil Action No. 2:15-CV-1554-JRG-RSP, filed September 25, 2015).

38. On information and belief, Cray, through itself and/or one or more of its entities, subsidiaries, affiliates, business divisions, or business units, directly infringed the '278 Patent pursuant to 25 U.S.C. § 271, including at least 35 U.S.C. § 271(a), by importing into the United States or offering to sell, selling, or using within the United States systems that fall within the scope of one or more claims of the '278 Patent, including but not limited to Claim 1, without authority from Raytheon, including but not limited to the CS400-AC and XC40 supercomputers, as well as other systems developed by Cray.

39. On information and belief, Cray induced infringement of the '278 Patent in violation of at least 35 U.S.C. § 271(b) by, among other things, knowingly and with intent, actively encouraging others to use, sell, offer for sale, and/or import certain Cray systems, including but not limited to the CS400-AC and XC40 supercomputers, in a manner that constitutes infringement of one or more claims of the '278 Patent, including but not limited to Claim 1. On information and belief, this inducing activity occurred at least since the time that

Cray received notice of the '278 Patent, and did not stop after Cray received notice of said patent, as described above.

40. As a result of Cray's infringement of the '278 Patent, Raytheon has suffered damage. Raytheon is entitled to recover from Cray damages to compensate for such infringement, which have yet to be determined.

41. On information and belief, despite its knowledge of the '278 Patent, Cray made the decision to continue infringe the '278 Patent. As a result, Cray's infringement of the '278 Patent may be willful, and if so, Raytheon is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## COUNT V
### (INFRINGEMENT OF THE '525 PATENT)

42. Raytheon refers to and incorporates herein the allegations of paragraphs 1-9.

43. On March 17, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,984,525 entitled "System and method for topology-aware job scheduling and backfilling in an HPC environment." Plaintiff attaches a true and correct copy of the '525 Patent as Exhibit E.

44. Presently, and during all relevant times, Raytheon has been and is the sole owner of all right, title, and interest in the '525 Patent, including the right to recover for patent infringement.

45. On information and belief, Cray has been on actual notice of the '525 Patent since at least about June 30, 2015, when Raytheon provided Cray with information concerning its patent portfolio related to high performance computers. Certain Cray high performance computers are the subject of co-pending litigation in this District (*Raytheon Company v. Cray, Inc.*, Civil Action No. 2:15-CV-1554-JRG-RSP, filed September 25, 2015).

46. On information and belief, Cray, through itself and/or one or more of its entities, subsidiaries, affiliates, business divisions, or business units, directly infringed the '525 Patent pursuant to 25 U.S.C. § 271, including at least 35 U.S.C. § 271(a), by importing into the United States or offering to sell, selling, or using within the United States systems that fall within the scope of one or more claims of the '525 Patent, including but not limited to Claim 1, without authority from Raytheon, including but not limited to the CS400-AC and XC40 supercomputers, as well as other systems developed by Cray.

47. On information and belief, Cray induced infringement of the '525 Patent in violation of at least 35 U.S.C. § 271(b) by, among other things, knowingly and with intent, actively encouraging others to use, sell, offer for sale, and/or import certain Cray systems, including but not limited to the CS400-AC and XC40 supercomputers, in a manner that constitutes infringement of one or more claims of the '525 Patent, including but not limited to Claim 1. On information and belief, this inducing activity occurred at least since the time that Cray received notice of the '525 Patent, and did not stop after Cray received notice of said patent, as described above.

48. As a result of Cray's infringement of the '525 Patent, Raytheon has suffered damage. Raytheon is entitled to recover from Cray damages to compensate for such infringement, which have yet to be determined.

49. On information and belief, despite its knowledge of the '525 Patent, Cray made the decision to continue infringe the '525 Patent. As a result, Cray's infringement of the '525 Patent may be willful, and if so, Raytheon is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## **JURY DEMAND**

1. Raytheon demands a trial by jury on any and all issues triable of right before a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure and Eastern District of Texas Local Rule 38.

## **PRAYER FOR RELIEF**

2. WHEREFORE, Raytheon respectfully prays for the following relief:

3. A full accounting for an award of damages to Raytheon for Cray's infringement of the Raytheon Patents, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest, costs and disbursements;

4. An injunction entered against Cray to prevent any further infringement of the Raytheon Patents;

5. An order adjudging that this case is "exceptional" within the meaning of 35 U.S.C. § 285 against Cray;

6. An award of Raytheon's reasonable attorneys' fees, expenses, and costs; and

7. A grant of any other further equitable or legal relief as this Court may deem just and proper.

Dated: April 22, 2016

Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM P.C.**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-1750
Facsimile: (903) 230-9661
E-mail: bdavis@bdavisfirm.com

**Of Counsel**

>Thomas J. Filarski
>Daniel S. Stringfield
>Brian G. Fahrenbach
>STEPTOE & JOHNSON LLP
>115 South LaSalle Street, Suite 3100
>Chicago, IL 60603
>Phone:  (312) 577-130
>Email: tfilarski@steptoe.com
>          dstringfield@steptoe.com
>          bfahrenbach@steptoe.com
>
>Sanjeet K. Dutta
>STEPTOE & JOHNSON LLP
>1891 Page Mill Road, Suite 200
>Palo Alto, CA 94304
>Phone:  (650) 687-9500
>Email:sdutta@steptoe.com
>
>**ATTORNEYS FOR PLAINTIFF**
>**RAYTHEON COMPANY**