**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| RAYTHEON COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>CRAY, INC.,<br><br>    Defendant. | Civil Action No. 2:16-CV-423-RSP |

**DEFENDANT CRAY INC.'S OPPOSITION TO PLAINTIFF
RAYTHEON COMPANY'S MOTION FOR EXTENSION
OF TIME TO COMPLY WITH P.R. 3-1 AND 3-2**

## I.    INTRODUCTION

Defendant Cray Inc. ("Cray") respectfully submits its opposition to Plaintiff Raytheon Company's ("Raytheon") Motion for Extension of Time to Comply with P.R. 3-1 and 3-2 (Dkt. No. 25).  Raytheon seeks to further delay service of its Patent Rule 3-1 and 3-2 disclosures—its infringement contentions—without any comprehensible explanation for the requested *further* extension.  Given that Raytheon has already received a three-week extension and the lack of good cause for its request, Raytheon's motion should be denied.

## II.    STATEMENT OF FACTS

Raytheon filed this action on April 22, 2016.  Dkt. No. 1.  Pursuant to the Court's June 6 Order, Raytheon's infringement contentions were due on June 16, 2016.  Dkt. No. 11.  However, Raytheon requested, and Cray consented to, an extension of Raytheon's deadline up to and including July 7, 2016.  Dkt. No. 12.

Pursuant to the Federal Rules of Civil Procedure, Cray's original response to the complaint was due on June 21, 2016.  Dkt. No. 5.  Cray requested, and Raytheon consented to, an extension of this deadline until July 5, 2016.  Dkt. No. 14.  Raytheon indicated that it would permit only a single extension, stating unequivocally that it would "oppose any further extension of this deadline."  Declaration of Bryan Kohm ("Kohm Decl."), ¶ 2, Ex. A (Stringfield Email to McMichael) at 1.  On July 5, in accordance with the parties' agreement, Cray filed its Motion to Dismiss Under Fed. R. Civ. P. 12(b)(3) and 12(b)(6).  Dkt. No. 23.

Counsel for Raytheon contacted counsel for Cray by e-mail on July 6, 2016.  Kohm Decl. ¶ 3, Ex. B at 2 (Stringfield Email to Kohm).  Raytheon requested an extension "[i]n light of the issues raised in Cray's motion to dismiss."  *Id.*  Cray responded that it did not understand Raytheon's request because Cray's motion to dismiss "should not impact Raytheon's infringement contentions" and asked Raytheon to "please provide an explanation for the need for

the extension." *Id.* (Kohm Email to Stringfield).  Raytheon responded that it seeks a second extension to serve its infringement contentions "to evaluate Cray's assertions" in the motion to dismiss. *Id.* at 1 (Stringfield Email to Kohm).  Cray responded with its understanding that the "venue issues [in Cray's motion] and Raytheon's infringement contentions" are distinct, and therefore, that Cray did not understand Raytheon's position. *Id.* (Kohm Email to Stringfield).  Rather than explain the basis for its request, Raytheon filed the instant motion.  *See* Dkt. No. 25.

Raytheon asserts that Cray raised new assertions regarding the functionality of the XC40 system sold to TACC. *Id.* at 1–2.  This is demonstrably incorrect.  The "new assertion[]" to which Raytheon refers is the fact that the system sold to TACC did not include third-party job management software.  This fact is reflected on the invoice that Cray submitted to the Court during an evidentiary hearing on June 15, 2016 in the co-pending case. *See Raytheon Co. v. Cray Inc.*, No. 2:15-cv-1554-JRG-RSP, Dkt. No. 63 (Hearing Transcript) at 29:15–18.  The invoice plainly shows that no job management software was sold to TACC.  Kohm Decl. ¶ 4, Ex. C (showing no sale of job management software).

## III.    LEGAL STANDARDS

It is well established that a party seeking to extend a deadline must demonstrate good cause.  FED. R. CIV. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, *for good cause*, extend the time . . .") (emphasis added).  Courts in this District determine whether good cause exists based on a number of factors, including "(1) [t]he length of the delay and its potential impact on judicial proceedings; (2) [t]he reason for the delay, including whether it was within the reasonable control of the movant; (3) [w]hether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclosure the new matter became apparent; (4) [t]he importance of the particular

matter . . . ; and (5) [t]he danger of unfair prejudice to the non-movant." *Allure Energy Inc. v. Nest Labs Inc. et al.*, No. 9:13-cv-102, Dkt. No. 182 at 2–3 (E.D. Tex. Mar. 24, 2015).

## IV.    ARGUMENT

Raytheon's premature and improper request for relief should be denied.

### A.    This Motion Is Procedurally Defective

In its "Opposed Motion for Extension of Time," counsel for Raytheon "certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h), and that this motion is opposed." *See* Dkt. No. 25 at 4.  This statement is incorrect.

Local Rule CV-7(h) states that:

> For opposed motions, the substantive requirement requires, at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant.
> . . .
> In the personal conference, the participants must give each other the opportunity to express his or her views concerning the disputes.  The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court.

*See* E.D. Tex. L.R. CV-7(h) (emphasis added).  No such personal conference occurred here, either by telephone or in person.  *See* Kohm Decl. ¶¶ 2–3, Exs. A–B.

### B.    Substantively, Raytheon Presents No Basis For An Extension

Independent of the procedural impropriety of Raytheon's motion, the Court should deny Raytheon's request because there is no legitimate basis for the requested extension.

As an initial matter, *Raytheon* requested the deadlines it now seeks to delay.  *See* Dkt. No. 12.  As such, Raytheon's passing reference to the July 4th holiday is without merit; Raytheon requested this deadline knowing of the holiday.[1]  *See* Dkt. No. 25 at 2.  Likewise, as

---

[1] Indeed, knowing of the same holiday, Raytheon said that it would oppose any request by Cray to extend Cray's response deadline beyond July 5—the day after said holiday.  Kohm Decl. ¶ 2, Ex. A (Stringfield Email to McMichael).

noted above, Raytheon's assertion that Cray has "just revealed" information "on the eve of" Raytheon's deadline fails.  *See id.*  Raytheon has known of the parties' respective deadlines for weeks.  *See* Dkt. No. 12.

Further, Raytheon's stated rationale for this motion is that it cannot serve its infringement contentions—the theories on which the entire case is based—until Raytheon "considers" Cray's motion to dismiss.  Dkt. No. 25 at 2.  There is no explanation for Raytheon not having solidified its infringement theories *before* filing this action, let alone within two months after filing it.  This Court has repeatedly recognized the importance of timely, early disclosure of a plaintiff's infringement theories:

> The Court recognizes that <u>defendants in patent cases need infringement contentions at an early stage in the litigation</u> in order to assess the asserted claims and develop effective defense theories.  The Court has <u>well-established local rules that facilitate such disclosures</u>.  Under these rules, <u>plaintiffs are required to serve infringement contentions on defendants at least 10 days before the initial case management conference with the Court</u>.[2]  Local Rule 3-1.  This deadline mandates disclosure of infringement contentions at a very early stage of the case—prior to entry of discovery and docket control orders.  Not only do the local rules provide for early disclosure, they demand detailed disclosure.

*E.g.*, *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-cv-1168-JRG, Dkt. No. 48 at 7 (E.D. Tex. May 13, 2016) (emphasis added).  This ruling makes clear that plaintiffs neither need nor are entitled to discovery prior to serving infringement contentions.  Raytheon's assertion that it needs more time to consider Cray's motion, which is tantamount to discovery, runs contrary to this Court's clear direction otherwise.

Raytheon's stated basis is also flawed because it has had the benefit of discovery in the co-pending case.  In that case, Cray has produced significant volumes of technical information on the systems accused of infringement in this action.  Kohm Decl. ¶ 5.

---

[2] The initial case management conference was held on June 30, 2016.  *See* June 30, 2016 Minute Entry.

Further, Cray's motion to dismiss has no bearing on whether Raytheon can allege that Cray's products infringe the asserted patents. The only information that Cray disclosed in its motion is that one system sold to one customer did not include job management software which, as addressed in Cray's motion to dismiss, is necessary to even begin to assert a plausible theory of infringement. That information has no bearing on whether other systems sold by Cray with job management software may or may not infringe the patents-in-suit.

## V.     CONCLUSION

For the reasons set forth above, Cray respectfully requests that the Court deny Raytheon's request for a further extension to its deadline to provide infringement contentions.

Dated: July 6, 2016                    Respectfully Submitted,


                                       FENWICK & WEST LLP


                                   By: */s/Bryan A. Kohm*
                                       David K. Tellekson (admitted E.D. Tex.)
                                       Jonathan T. McMichael (admitted E.D. Tex.)
                                       1191 Second Avenue, 10th Floor
                                       Seattle, WA 98101
                                       Tel:    (206) 389-4510
                                       Fax:    (206) 389-4511
                                       Email: dtellekson@fenwick.com
                                               jmcmichael@fenwick.com

                                       Bryan A. Kohm (admitted E.D. Tex.)
                                       William Moseley (admitted E.D. Tex.)
                                       555 California Street, 12th Floor
                                       San Francisco, CA 94104
                                       Tel:    (415) 875-2300
                                       Fax:    (415) 281-1350
                                       Email: bkohm@fenwick.com
                                               wmoseley@fenwick.com

                                       Yixin Zhang (admitted E.D. Tex.)
                                       801 California Street
                                       Mountain View, CA 94041
                                       Tel:    (650) 988-8500
                                       Fax:    (650) 938-5200
                                       Email: yzhang@fenwick.com

                                       *Attorneys for Defendant Cray Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on July 6, 2016.


*/s/Bryan A. Kohm*
Bryan A. Kohm