IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAYTHEON COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 2:16-CV-00423-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| CRAY, INC., | § | |
| | § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION

Raytheon Company ("Raytheon") alleges that Cray, Inc. ("Cray") infringes five U.S. patents: Nos. 8,336,040; 9,189,275; 8,910,175; 9,189,278; and 8,984,525 ("the '525 patent"). *See* Complaint (Dkt. No. 1) Exs. A–E. Cray moves to dismiss the complaint, contending both that venue is improper in this district and that the complaint fails to satisfy the pleading standard. Dkt. No. 23. Cray's motion should be denied for the reasons that follow.

## VENUE

Patent infringement actions may be brought in the judicial district where the defendant "resides" or where the defendant "has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant is deemed to reside in any judicial district in which the defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(c); *In re TC Heartland LLC*, 821 F.3d 1338, 1342-43 (Fed. Cir. 2016). In a state with multiple districts such as Texas, the question is whether the defendant would be subject to personal jurisdiction in the district where the action was filed, assuming the district was a separate state. *See* 28 U.S.C. § 1391(d). The parties dispute only whether Cray would be subject to specific personal jurisdiction

in this district. *See Grober v. Mako Prod., Inc.*, 686 F.3d 1335, 1345-47 (Fed. Cir. 2012) (discussing two types of personal jurisdiction, general and specific).

Specific jurisdiction over an out-of-state defendant such as Cray is proper if the state's long-arm statute permits jurisdiction without violating federal due process. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010). Because the Texas long-arm statute is coextensive with the due process clause of the Fourteenth Amendment, the question is simply whether jurisdiction comports with due process. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016); *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003). Due process is satisfied if the defendant "purposely directed activities at residents of the forum," the claim "arises out of or relates to those activities," and the exercise of jurisdiction is "reasonable and fair." *Nuance Commc'ns*, 626 F.3d at 123.

To support jurisdiction, Raytheon's alleges that Cray employs a salesman who lives in the district "who sells or offers to sell infringing Cray systems from within this District." Dkt. No. 1 ¶ 6. Raytheon also alleges that "Cray sold an infringing XC40 supercomputer to the University of Texas for use in its Texas Advanced Computing Center (TACC)." *Id.* ¶ 7. Although the supercomputer is located in Austin, Texas, which not within the district, user terminals at universities within the district are allegedly connected to and use the supercomputer. *Id.* Such use, according to Raytheon, constitutes an infringing act occurring in the district and thus gives rise to jurisdiction. *Id.*

The Court has previously concluded in a related case that similar allegations were sufficient to make a prima facie showing that Cray is subject to venue in the district. *See Raytheon Co. v. Cray, Inc.*, Case No. 2:15-cv-1554-JRG-RSP (E.D. Tex. July 29, 2016). Ordinarily, when the parties have not conducted jurisdictional discovery, only a prima facie showing of jurisdiction is

required, and the pleadings and affidavits are construed in a light most favorable to the plaintiff. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003).

According to Cray, however, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." Dkt. No. 23 at 10 (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)). Cray contends that although the Court previously concluded that Raytheon had met its prima facie burden, Cray has since learned that it has never sold a supercomputer to the University of Texas at Austin that included a "workload manager," or software, which Cray contends is necessary for infringement. *Id.* at 1. Thus, according to Cray, there has never been an infringing sale within the district, contrary to Raytheon's allegation. *Id.* at 13.

Regardless of whether Cray is correct about the lack of an infringing sale, Raytheon's complaint alleges that "Cray's employees *offer to sell* and sell supercomputer systems to customers, including but not limited to the *infringing . . . supercomputers*, from within the State of Texas and the Eastern District of Texas." Dkt. No. 1 ¶ 6 (emphasis added). Cray has not sufficiently rebutted this allegation by affidavit or otherwise, and what the parties have submitted is not inconsistent with Raytheon's allegation. Cray submitted a declaration stating that Cray does sell some of its supercomputer systems with workload managers. Dkt. No. 23 at 13 (citing Kohnke Decl. ¶ 3). It is plausible then, based on Raytheon's allegations, that Cray's salesman offered to sell a supercomputer that included a workload manager to the University of Texas, even though the university ultimately decided not to purchase the workload manager from Cray. *See* Dkt. No. 47 at 14.

Given that Cray allegedly sold a supercomputer to the University of Texas that is allegedly the basis for the infringement action, Cray's single alleged offer for sale of a computer configured

for infringement supports jurisdiction. *See Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1297 (Fed. Cir. 2009) ("Indeed, a 'substantial connection' with a forum arising out of a 'single act can support jurisdiction.'") (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 n.18 (1985)). The Court need not address Raytheon's remaining arguments, such as whether selling a device that is later used to indirectly infringe within the district is sufficient to establish jurisdiction.

The remaining question is whether exercising jurisdiction over Cray would "offend traditional notions of fair play and substantial justice." Dkt. No. 23 at 17 (quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014)). This factor "applies only sparingly." *Nuance Commc'ns*, 626 F.3d at 1231. "When a defendant seeks to rely on the 'fair play and substantial justice' factor to avoid the exercise of jurisdiction by a court that otherwise would have personal jurisdiction over the defendant, 'he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King*, 471 U.S. at 477). "[D]efeats of otherwise constitutional personal jurisdiction 'are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum.'" *Akro Corp. v. Luker*, 45 F.3d 1541, 1549 (Fed. Cir. 1995) (quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir. 1994)). Other than simply stating that jurisdiction would be "unfair" in the district, Cray has not presented a compelling argument for why the burden of litigating the case here clearly outweighs the plaintiff and the district's interest in resolving the dispute.

**SUFFICIENCY OF RAYTHEON'S COMPLAINT**

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint that does not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, Raytheon must plead facts to allow a court to draw a reasonable inference that Cray is liable for the alleged patent infringement. *See id.* (citing *Twombly*, 550 U.S. at 556). At this stage, a court accepts all well-pleaded facts as true, and views those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

### A. Direct Infringement Allegations

On December 2, 2015, the authority governing the pleading standard for direct patent infringement changed. *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1337, 1337 n.2 (Fed. Cir. 2016). While Federal Rule of Civil Procedure 84 and Form 18 controlled pleadings for direct patent infringement claims alleged in cases filed on or before December 1, 2015, the *Iqbal*/*Twombly* standard governs patent infringement pleadings filed thereafter. *See id.* at 1337 n.2; *Disc Disease Sols., Inc. v. VGH Sols., Inc.*, No. 1:15-CV-188 (LJA), 2016 WL 6561566, at *2 (M.D. Ga. Nov. 2, 2016) (collecting cases). Raytheon filed its complaint on April 22, 2016, and there is no dispute that the *Iqbal*/*Twombly* standard applies.

While Form 18 no longer applies, the question is what difference there is, if any, between Form 18 and the *Iqbal*/*Twombly* standard. The latest guidance from the Federal Circuit comes from *Lyda v. CBS Corporation*. *See* 838 F.3d at 1339. Although the Court was evaluating a complaint filed before the abrogation of the Forms and Rule 84, the Court addressed joint infringement claims that were not governed by Form 18 because those claims required additional elements not contemplated by the Form. *Id.* A claim for joint infringement, according to the Court, "requires

5

pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Id.* (quoting *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015)).

On one hand, *Lyda*'s assessment of joint infringement claims seems consistent with Form 18. The reason Form 18 did not apply to joint infringement claims was because Form 18 did not include a statement of all the elements of the joint claim, not because Form 18 lacked sufficient detail for the direct infringement part of a joint claim. *See id.* The allegation exemplified by Form 18—that a party is "making, selling, and using" a specific device "embodying the patent" is a factual allegation that, if true, plausibly gives rise to a claim for infringement. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). Infringement is, after all, a question of fact. *Eli Lilly & Co., v. Teva Parenteral Medicines, Inc.*, No. 2015-2067, 2017 WL 117164, at *3 (Fed. Cir. Jan. 12, 2017).

Form 18 appears consistent with the *Iqbal*/*Twombly* standard inasmuch it required something in between "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," *see Iqbal*, 556 U.S. at 678, and detailed infringement contentions. Identifying facts such as "making, selling, or using" a specific device is more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *See Iqbal*, 556 U.S. at 678 (2009). By stating a specific act of infringement and a specific device, Form 18 did more than conclude that "this defendant infringed my patent." Finally, Form 18 was consistent with the purpose of the complaint—to provide notice of what the claim is, the grounds upon which it rests, and to limit

the scope of the action going forward. *Twombly*, 550 U.S., at 555; *Lodsys Grp., LLC v. Brother Int'l Corp.*, No. 2:11-CV-00090-JRG, 2013 WL 5353004, at *2 (E.D. Tex. Sept. 24, 2013).

On the other hand, *Lyda* suggests that slightly more detail than what was specified in Form 18 is required, at least for a joint infringement claim. And there is no good reason why more detail should be provided for the direct infringement *element* of a joint infringement claim than is required for an ordinary direct infringement *claim*. For the direct infringement element of a joint infringement claim, *Lyda* specified that the facts alleged should be sufficient to "allow a reasonable inference that *all steps* of *the claimed method* are performed." 838 F.3d at 1339 (emphasis added). Thus, while Form 18 requires factual allegations that a device embodies "the patent," *Lyda* appears to require factual allegations sufficient to give rise to a plausible inference that a device meets *all elements* of a *specific claim. See id.*

It is not necessary to announce a floor for the direct infringement pleading standard in this case because Raytheon's allegations are sufficient. Raytheon alleges that a specific supercomputer infringes the patents-in-suit. *See, e.g.*, Dkt. No. 1 ¶ 14. This allegation is sufficient. Cray maintains that the complaint "contains no factual assertions about what specific components, features, or capabilities the accused products have, let alone *how* they allegedly infringe." Dkt. No. 23 at 20. Such detail, however, is not required at the pleading standard, as numerous courts have held after Form 18 was eliminated. *See, e.g.*, *DermaFocus LLC v. Ulthera, Inc.*, 2016 WL 4263122, at *3 (D. Del. Aug. 11, 2016).

In addition, it is not clear to the Court whether the information Cray demands is in the public domain, and thus reasonably available to Raytheon. In a case involving allegations governed by Form 18, the Federal Circuit recognized a plaintiff should not be barred at the dismissal stage "when the operation of [the accused] systems is not ascertainable without discovery." *K-Tech*

7

*Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013). There is no reason to think that the Federal Circuit's view would be different under the *Iqbal/Twombly* standard given the Court's primary concern: "A defendant cannot shield itself from a complaint for direct infringement by operating in such secrecy that the filing of a complaint itself is impossible." *Id.* Raytheon's direct infringement allegations are therefore sufficient.

## B. Indirect Infringement Allegations

Under 35 U.S.C § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer." "To prove induced infringement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (quoting *i4i Ltd. P'ship. v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010) (internal quotation marks omitted)). "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). The knowledge requirement can be met by a showing of either actual knowledge or willful blindness. *See id.*

Having determined that Raytheon adequately pled direct infringement, the remaining dispute is whether Raytheon has adequately alleged that Cray had actual knowledge of the patents-in-suit or was willfully blind to their existence at the time of the alleged infringement. The Complaint alleges, for example, that Cray had actual notice of one or more of the patents-in-suit because "Raytheon provided Cray with information concerning its patent portfolio related to high performance computers." Dkt. No. 1 ¶ 37. In addition, Cray had knowledge of the patents-in-suit at least at the time this action was filed. *See Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1643315, at *4 n.4 (E.D. Tex. Apr. 26, 2016) (Bryson, J.,

sitting by designation) (post-suit knowledge sufficient for indirect infringement allegations). Accordingly, Raytheon's indirect infringement allegations are sufficient.

### C. Willful Infringement Allegations

Cray's arguments concerning Raytheon's willful infringement allegations rest on Cray's assertion that Raytheon has not adequately pled notice of the patents-in-suit. Cray does not, however, dispute that a claim for willful infringement must merely allege that infringement was "intentional or knowing." *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1926 (2016). Because Raytheon's allegations concerning knowledge of the patents-in-suit are sufficient, a proper claim for willfulness has been made. *See Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, 2015 WL 5725768 (D.Del. Sept. 29, 2015) (the court determined that it was plausible that defendant had pre-suit knowledge based on a presentation made to defendant regarding related patents and the fact that the patent-in-suit was well known in the semiconductor industry). Finally, to the extent Cray contends that only pre-complaint intent qualifies for the willfulness scienter requirement, the Court disagrees. Post-complaint knowledge is sufficient under *Halo*. *See, e.g.*, *DermaFocus*, 2016 WL 4263122, at *6 (post-complaint knowledge sufficient "[u]nder the less rigid standard announced in *Halo*").

### CONCLUSION

Cray's motion to dismiss for improper venue and failure to state a claim, Dkt. No. 23, should be denied. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days from this Order shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and

9

legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    **SIGNED this 12th day of March, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE